UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

UNITED STATES OF AMERICA

                                            :      PRELIMINARY ORDER OF
       - v. -                                   FORFEITURE/
                                            :      <u>MONEY JUDGMENT</u>

GERARD CANINO,

                                            :      11 Cr. 655 (PGG)

          Defendant.

                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          WHEREAS, on or about August 4, 2011, GERARD CANINO, (the "Defendant"), among others, was charged in three counts of a five-count Indictment, 11 Cr. 655 (RPP) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Counts Two and Three);

          WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982, of any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Three of the Indictment, including but not limited to at least $58,000,000 in United States currency, in that such sum of money representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Three of the Indictment, for which the Defendants are jointly and severally liable;

          WHEREAS, the Indictment included a second forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461 of any property constituting

or derived from proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;;

WHEREAS, on or about June 5, 2012, the Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461, a sum of money equal to $66,630,799 in United States currency, representing proceeds traceable to or obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government asserts that $66,630,799 in United States currency represents proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $66,630,799 in United States currency, pursuant to Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461(c), representing proceeds traceable to or obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $66,630,799 in United States

currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, GERARD CANINO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
August 25 , 2021

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE